EARLY STRATTON COMPANY *v.* COOPER.

Opinion delivered February 24, 1930.

*Berry, Berry & Berry,* for appellants.

*S. V. Neely* and *R. V. Wheeler,* for appellees.

HUMPHREYS, J. Executions were issued out of the circuit court of Crittenden County upon judgments obtained in nine separate suits in favor of different plaintiffs against different defendants, and delivered to C. W. Cooper, sheriff of said county, on the date of issuance to be levied upon property of the defendant or defendants in each suit to collect the respective judgments.

Notices were served upon the sheriff that motions would be filed for summary judgments against him in each case of failure to make due return of the executions, and, pursuant to the notices, motions for summary judgments were filed in each case in which it was alleged that he failed to return the executions, and that the indorsements made by the sheriff upon the back of each execution was insufficient to constitute a return within the meaning of the law. The purported returns (all identical) were as follows:

"On this............day of....................(giving date), 1928, I have endeavored to serve the within execution, and, finding no personal property upon which to levy, and none being pointed out to me, and no indemnifying bond being furnished, I make this *non est* return."

Special defenses, unnecessary to set out, were interposed in two of the cases by the sheriff. The important defenses (common to all the cases) interposed were that the defendant or defendants in each case owned no personal or real property in said county subject to execution; and a denial that he failed to make a return in sixty days, and that the indorsements upon the executions were not "due returns," such as were required by law.

Demurrers were filed by the plaintiff to the answers, and, by agreement, the series of actions were consolidated and proceeded to a hearing under the style of *Early Stratton Company et al., plaintiffs,* v. *C. L. Goad et al., defendants,* and C. W. Cooper, sheriff, respondent, upon the pleadings and upon the testimony theretofore

introduced relative to the special defenses interposed in two of the cases.

The court overruled the demurrers to the answers. The plaintiffs then elected to stand upon their demurrers, whereupon the court dismissed each motion for a summary judgment, from which is this appeal.

The demurrers to the answers admitted that the several defendants had no personal or real property in the county upon which the several executions could have been levied, and that the purported returns, evidenced by the writing on the back of the several executions, were returned within sixty days; but the contention for a reversal dismissing their respective motions for summary judgments is that the purported returns are insufficient to constitute returns within the meaning of § 6256, Crawford & Moses' Digest, which provides as a penalty "for failing to return an execution the amount of the judgment on which it was issued, including all the costs and ten per centum thereon." It is argued that the purported return refers to personal property only, and is an admission that the sheriff did not make any effort to find or levy the several executions upon real estate belonging to the several defendants. We cannot agree with appellants in their interpretations of the return. The sheriff closed his return with the following statement: "I make this *non est* return." He meant something by using this sentence. Ordinarily, executions like these do not operate on the person of a defendant, and by the use of *"non est"* he did not mean to say that the defendant or defendants were not to be found in the county. His purpose was clearly to make a *nulla bona* return. The demurrers to the answers of the sheriff not only admitted that he made returns within sixty days, but that none of the defendants owned any personal or real property in the county upon which executions might be levied, and, further, that he called upon the attorneys for plaintiffs for advice as to property owned by the defendants, upon which to levy the executions, but plaintiffs failed to point out any. In

the light of these admissions, we construe the several returns on the executions as meaning that the sheriff was unable to find either personal or real property in the county, belonging to the defendants, upon which to levy. The statute invoked as a basis for the motions for summary judgments is highly penal, and should be construed liberally in its application to the facts in a given case.

After the trial court overruled the several demurrers, the plaintiffs elected to stand on their demurrers, so it was proper for the court to dismiss their motions for summary judgments.

No error appearing, the judgments are affirmed.